IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CODY SCOTT GARRETT and JOSHUA
DEANTHONY WOODSON                                       PLAINTIFFS

v.                          No. 4:26-cv-657-DPM

DR. WILLIAM SHEPPARD;  SHEPPARD
ENTITIES, INC;  UNITED
CHIROPRACTIC AND MEDICAL, PLLC;
DOCTOR'S ALLIANCE, LLC;
TRANSWORLD BUSINESS ADVISORS,
LLC;  LESLIE WM. ADAMS, Individually;
WILLIAM MYSKA IRVINE, Individually;
LESLIE WM. ADAMS & ASSOCIATES,
PLLC;  STACEY L. BARNES, Individually;
MONICA ALEJANDRA GARZA-HOVEL,
Individually;  and KEARNEY
MCWILLIAMS & DAVIS, PLLC                               DEFENDANTS

## ORDER

The Court notes this new case.  It's a bit tangled.  The Court has an independent obligation to make sure it has subject matter jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  The parties' dispute is pending in the County Civil Court at Law No. One of Harris County, Texas.  That case is against Garrett and Woodson.  Here, they filed the case.  They named the plaintiff in the Texas case, and several others, as defendants.  This Court takes judicial notice of the public

records in the foundational lawsuit. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Garrett and Woodson say they removed this case from Harris County. *Doc. 3*. They did not. They didn't shift an existing case into the federal court for the district and division where the state case was pending. *Compare* 28 U.S.C. §§ 1441 & 1446. Instead, they filed a new, partly echoing case that added parties and claims in the Eastern District of Arkansas. Garrett and Woodson also say this Court has diversity jurisdiction. *Doc. 4 at 5*. That's incorrect. The parties here aren't completely diverse. 28 U.S.C. § 1332(a)(1). Plaintiff Woodson is Texan, and so are the defendants. *Doc. 4 at 9–12*. And Garrett and Woodson disclaim federal question jurisdiction. *Doc. 4 at 5*. Though they make a passing reference to 42 U.S.C. § 1983, *Doc. 3 at 2*, they bring no actionable federal claims. The federal criminal statutes they mention may not be prosecuted by private individuals. *Frison v . Zebro*, 339 F.3d 994, 998–1000 (8th Cir. 2003).

This Court lacks subject matter jurisdiction. The case will therefore be dismissed without prejudice. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Motions, *Doc. 1, 2 & 5–7* denied as moot.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

16 July 2026